IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| WIHLY HARPO-BROWN, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 1:20-cv-176 (MTT) |
| INTERMARK MANAGEMENT CORPORATION, *et al.*, | ) |
| Defendants. | ) |

### ORDER

Plaintiff Wihly Harpo-Brown has filed numerous motions for various relief against Defendant Intermark Management Corporation, most of which are patently frivolous. Docs. 23; 25; 29; 35; 36; 39; 42. As the Court noted in its previous Orders, on Harpo-Brown's motion, all proceedings on this case were stayed March 15, 2021, pending the resolution of Harpo-Brown's criminal proceedings. Docs. 15; 18; 24; 30. Harpo-Brown's criminal case is not yet resolved, and that stay remains in effect. *See United States v. Harpo-Brown*, No. 21-13162 (11th Cir. Feb. 22, 2022) (notice of appeal). In light of the stay, Harpo-Brown's motions for various relief (Docs. 23; 25; 29; 35; 36; 39; 42) are **DENIED** as moot.

However, on July 9, 2022, and July 16, 2022, Harpo-Brown moved for the entry of default against Intermark based on service of process which Harpo-Brown contends occurred prior to the stay. Docs. 31; 32. Intermark responded, arguing it was never properly served, and even if proper service had occurred, entry of default is improper

because Intermark filed an answer (Doc. 40) and Harpo-Brown's request to stay (Doc. 15) precludes default.  Doc. 45 at 2-4.

Intermark also filed a motion to dismiss.  Doc. 44.  In that motion, Intermark argues res judicata bars Harpo-Brown's suit because the dispossessory action that is the basis of Harpo-Brown's complaint was already adjudicated on the merits in state court.  Doc. 44-1 at 4.  As such, Harpo-Brown cannot circumvent that judgment on the mere basis that he has filed duplicative lawsuits based on the same facts as the original state court action.  *Id.* at 6.  Accordingly, Intermark contends dismissal is warranted due to lack of subject matter jurisdiction.  *Id.*

Harpo-Brown now moves for an extension of time to respond to Intermark's motion to dismiss and to reply to Intermark's response to Harpo-Brown's motion for entry of default.  Doc. 47.  Intermark responded in opposition.  Doc. 48.  In his motion, Harpo-Brown contends he was unable to receive any of Intermark's filings since January 28, 2022, due to his transfer from Jefferson County Jail in Georgia to Federal Correctional Complex Coleman Low in Florida.  *Id.* at 3.  The Court takes Harpo-Brown at his word.

Harpo-Brown's requested extension (Doc. 47) is **GRANTED**.  Accordingly, Harpo-Brown is hereby **ORDERED** to respond to Intermark's motion to dismiss (Doc. 44) and reply to Intermark's response (Doc. 45) to Harpo-Brown's motion of entry of default **by May 31, 2022**.  The Clerk of Court is **DIRECTED** to mail Intermark's motion to dismiss (Docs. 44; 44-1), along with a copy of Intermark's response (Doc. 45) to Harpo-Brown's updated address at Federal Correctional Complex Coleman Low.  Doc.

-3-

46. Failure to comply with this order may result in sanctions including dismissal of this case and a finding of contempt.

    **SO ORDERED**, this 2nd day of May, 2022.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
*Sitting by Designation*
