IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| WIHLY HARPO-BROWN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 120-176 |
| | * | |
| INTERMARK MANAGEMENT | * | |
| CORPORATION, et al., | * | |
| | * | |
| Defendants. | * | |

O R D E R

Before the Court are Plaintiff's motion for recusal (Doc. 69),[1] Plaintiff's objections and appeal of Magistrate Judge Benjamin W. Cheesbro's August 28, 2023 Order (Doc. 71), and "Plaintiff's Objection and Motion to Vacate Order of District Court Reassigning Case to Judge James Randal Hall" (Doc. 65). The Court construes Plaintiff's second objection motion as requesting reconsideration of the Court's March 10, 2023 Order reassigning Plaintiff's case to this Court (the "Reassignment Order") (Doc. 64). For the following reasons, Plaintiff's motions are **DENIED**,

---

[1] Plaintiff's motion seeks the recusal of myself, Magistrate Judge Benjamin W. Cheesbro, and "[a]ll [j]udges of the Southern and Middle District[s] of Georgia." (Doc. 69, at 1.) In the Court's August 28, 2023 Order, Judge Cheesbro addressed — and denied — Plaintiff's motion as to himself and all the judges sitting in the Middle and Southern Districts of Georgia. (See Doc. 70.) Moreover, "[28 U.S.C. §] 455(a) places the burden to decide recusal on the judge who is the subject of the [m]otion." In re Evergreen Sec., Ltd., 570 F.3d 1257, 1278 (11th Cir. 2009). Accordingly, I will only address the arguments in Plaintiff's motion as they relate to myself.

Plaintiff's objections are **OVERRULED**, and the Magistrate Judge's August 28, 2023 Order is **AFFIRMED**.

## I. LEGAL STANDARDS

Plaintiff's motions, objections, and appeal are governed by the following legal standards.

### A. Recusal

Although Plaintiff cites numerous irrelevant statutory and constitutional provisions, recusal is governed by 28 U.S.C. §§ 144 and 455. <u>Jones v. Commonwealth Land Title Ins. Co.</u>, 459 F. App'x 808, 810 (11th Cir. 2012).

"Under § 144, a judge must recuse himself when a party to a district court proceeding 'files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party.'" <u>Id.</u> (quoting 28 U.S.C. § 144). "Before a judge recuses [him]self, a § 144 affidavit must be 'strictly scrutinized for form, timeliness, and sufficiency.'" <u>United States v. Perkins</u>, 787 F.3d 1329, 1343 (11th Cir. 2015) (quoting <u>United States v. Womack</u>, 454 F.2d 1337, 1341 (5th Cir. 1972)).[2] "To warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists." <u>Christo v.</u>

---

[2] <u>See</u> <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1207 (11th Cir. 1981) (holding Fifth Circuit decisions made on or before September 30, 1981 are binding precedent in the Eleventh Circuit).

2

Padgett, 223 F.3d 1324, 1333 (11th Cir. 2000) (citing Phillips v. Joint Legis. Comm. On Performance & Expenditure Rev., 637 F.2d 1014, 1019 n.6 (5th Cir. Unit A Feb. 1981)). Furthermore, "[t]he facts alleged in the affidavit must show that the bias was personal, not judicial in nature." Jones, 459 F. App'x at 811 (citing United States v. Archbold-Newball, 554 F.2d 665, 682 (5th Cir. 1977)).

Section 455(a) requires recusal where "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." Parker v. Connors Steel Co., 855 F.2d 1510, 1524 (11th Cir. 1988) (citation omitted). Any doubts must be resolved in favor of recusal. United States v. Kelly, 888 F.2d 732, 744 (11th Cir. 1989). Generally, however, "judicial rulings cannot serve as the basis for recusal or cast doubts on impartiality unless [the moving party] establishes pervasive bias and prejudice." Jones, 459 F. App'x at 811 (citing Archbold-Newball, 554 F.2d at 682). "Neither a trial judge's comments on lack of evidence, rulings adverse to a party, nor friction between the court and counsel constitute pervasive bias." Hamm v. Members of Bd. of Regents of State of Fla., 708 F.2d 647, 651 (11th Cir. 1983) (citations omitted).

**B. Objection and Appeal of the Magistrate Judge's August 28, 2023 Order**

Plaintiff challenges the Magistrate Judge's August 28, 2023 Order pursuant to Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A).  (Doc. 71, at 1.)  Under these provisions, the district judge will modify or set aside the magistrate judge's order only if it is "clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  Otherwise, the magistrate judge's ruling stands.  "A ruling is clearly erroneous where either the magistrate judge abused his discretion or the district court, after reviewing the entirety of the record, 'is left with a definite and firm conviction that a mistake has been made.'"  Jackson v. Deen, No. CV 412-139, 2023 WL 3991793, at *2 (S.D. Ga. Aug. 2, 2013) (quoting Murphy v. Gardner, 413 F. Supp. 2d 1156, 1162 (D. Colo. 2006)).  A decision by the magistrate judge is contrary to law when it "fails to follow or misapplies the applicable law."  Id. (citations omitted).

**C. Reconsideration**

"Reconsideration of a previous order is an extraordinary remedy, to be employed sparingly."  Armbuster v. Rosenbloom, No. 1:15-cv-114, 2016 WL 1441467, at *1 (S.D. Ga. Apr. 11, 2016) (citation and internal quotation marks omitted).  Because it "is not an appeal, . . . it is improper on a motion for reconsideration to ask the Court to rethink what the Court has already thought

4

through — rightly or wrongly." Id. (citation and internal quotation marks omitted); see also Spellman v. Haley, No. 97-T-640-N, 2004 WL 866837, at *2 (M.D. Ala. Feb. 22, 2002) ("[L]itigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling."). It is well established that "additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." Gougler v. Sirius Prods., Inc., 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005) (citation omitted); see also Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985) (cautioning against use of a motion for reconsideration to afford a litigant "two bites at the apple"); Rossi v. Troy State Univ., 330 F. Supp. 2d 1240, 1249-50 (M.D. Ala. 2002) (denying motion for reconsideration when plaintiff failed to submit evidence prior to entry of original order and failed to show good cause for the omission). Furthermore, "the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). And, ultimately, "the decision to grant a motion for reconsideration 'is committed to the sound discretion of the district judge.'" Townsend v. Gray, 505 F. App'x 916, 917 (11th Cir. 2013) (quoting Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993)).

5

A court may reconsider a final order under Federal Rule of Civil Procedure 59 or 60.  Although Plaintiff moves under both Rules (Doc. 65, at 1), the Court analyzes his motion under Rule 60(b) because it was filed more than twenty-eight days after the March 10, 2023 Order.  See Brown v. Spells, No. 7:11-cv-91, 2011 WL 4543905, at *1 (M.D. Ga. Sept. 30, 2011); accord Mahone v. Ray, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003).  Rule 60(b) "allows for relief from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the operation of the judgment."  Marsh v. Dep't of Child. & Fams., 259 F. App'x 201, 205 (11th Cir. 2007) (citing Fed. R. Civ. P. 60(b)) (internal quotation marks omitted).  "Motions under [Rule 60(b)] are directed to the sound discretion of the district court."  Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984).

## II. DISCUSSION

Because he believes I cannot be impartial and disagrees with my decision to reassign his case to this Court, Plaintiff moves for my recusal and reconsideration of the Reassignment Order.  (Docs. 65, 69.)  Plaintiff also objects to and appeals the Magistrate Judge's August 28, 2023 Order, which denied Plaintiff's

6

motion for recusal. (Doc. 71.) The Court addresses each filing in turn below.

**A. Plaintiff's Motion for Recusal**

Plaintiff's motion for recusal fails to provide a sufficient basis for my recusal under either § 144 or § 455. First, Plaintiff's affidavit is deficient under § 144.[3] As set out above, Plaintiff's affidavit must be "strictly scrutinized for form, timeliness, and sufficiency" before recusal is warranted. Perkins, 787 F.3d at 1343 (quoting Womack, 454 F.2d at 1341). Section 144 provides that the party's affidavit "shall be accompanied by a certificate of counsel of record stating that it is made in good faith." 28 U.S.C. § 144. Here, although he is proceeding *pro se*, Plaintiff did not include the requisite certificate of good faith with his affidavit. (Doc. 69, at 18.) "In light of the mandatory and automatic nature of recusal under [§ 144], its potential for abuse, and the availability of other statutory mechanisms pursuant to which an unrepresented litigant may seek the recusal of a federal judge, the absence of such a certificate has proven fatal to even the § 144 motions of *pro se* litigants." Guthrie v. Wells Fargo Home Mortg. NA, No. 1:13-CV-

---

[3] Plaintiff filed two affidavits with his motion: one by "James-Martin: Graham" and one by Plaintiff himself. (See Doc. 69, at 18, 20-26.) Because § 144's plain language states that an affidavit supporting recusal must be submitted by a party, I only consider Plaintiff's affidavit for purposes of determining whether I should recuse pursuant to § 144. Crawford v. Marriott Hotel Servs., Inc., No. 1:19-CV-02687, 2020 WL 13594983, at *3 (N.D. Ga. Oct. 28, 2020).

7

4226, 2015 WL 1401660, at *2 (N.D. Ga. Mar. 26, 2015) (citations omitted). Therefore, without the certificate of good faith, Plaintiff's motion is insufficient under § 144.

Even if Plaintiff's motion complied with § 144's procedural requirements, it still would be legally insufficient under § 144 or § 455. Plaintiff argues for recusal based on several allegations. These allegations can be grouped into three categories: (1) those alleging I am biased against him because of his race; (2) those alleging I have colluded with numerous federal judges and officers to help the defendants in his cases by ruling against him; and (3) those alleging I am biased against him because he named me as a defendant in two cases currently pending before the Court. (See Doc. 69, at 1-17.)

As for the first two categories of allegations, not only are they conclusory and wholly unsupported in fact, but they also stem from my previous rulings against him. (See id. at 7-11.) For example, Plaintiff's allegation that I am biased against him because of my "privately held and exercised" racial prejudice is supported only by the Court's "regular[] and consistent[]" denial of Plaintiff's claims for relief "due to Plaintiff's said race." (Id. at 9-10). Likewise, the allegations of collusion, including conspiring with other officials and Defendants and accepting bribes, are based upon Plaintiff's discontent with previous rulings in this and other cases. (See id. at 7-11; see, e.g., id.

8

at 6, 9 (discussing the Court's rulings denying Plaintiff's motion to dismiss counsel appointed under conditions of duress, to recuse Judge Hall, and to enter default against Defendants).) Plaintiff provides no other factual evidence or reasonable explanation for these allegations. Sections 144 and 455 both require that the reasons for recusal be personal, and not judicial, in nature. See Jones, 459 F. App'x at 811; see also Liteky v. United States, 510 U.S. 540, 555-56 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." (citing United States v. Grinnell Corp., 384 U.S. 563, 583 (1966))). Furthermore, "a judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation." United States v. Greenough, 782 F.2d 1556, 1558 (11th Cir. 1986). Therefore, these categories of Plaintiff's allegations are insufficient to establish a basis for my recusal.

The third category of Plaintiff's allegations also falls short. Under § 455(b), a judge shall recuse when he is a party to the proceeding. 28 U.S.C. § 455(b)(5)(i). But "[a] judge is not disqualified merely because a litigant sues or threatens to sue him." In re Bush, 232 F. App'x 852, 854 (11th Cir. 2007) (citations omitted). In Bush, the Eleventh Circuit affirmed a judge's refusal to recuse when the recusal motion was premised on the movant's civil claim against the judge, which was filed because of the judge's adverse ruling in a prior case. Id. Similarly here,

9

Plaintiff's claims in both cases he names me as a defendant stem from his discontent with my previous rulings against him. See (Doc. 1, at 7-8)[4]; see also Harpo v. Craig, No. CV 120-137, Doc. 1, at 7-8 (S.D. Ga. Sept. 30, 2020). Because "granting the motion in these circumstances would give [Plaintiff] an effective means to manipulate and needlessly delay the judicial process," I find Plaintiff's motion to recuse on this basis meritless. Bush, 232 F. App'x at 853.

Notwithstanding Plaintiff's failure to offer any persuasive arguments or evidence suggesting my "impartiality might reasonably be questioned," I also evaluated whether I should recuse myself for any reason. 28 U.S.C. § 455(a); see also Kelly, 888 F.2d at 744 ("Under . . . section 455, a judge is under an affirmative, self-enforcing obligation to recuse himself *sua sponte* whenever the proper grounds exist."). Upon due consideration, I find no reason supporting recusal. I find nothing in Plaintiff's arguments and know of no other fact that would cause significant doubt about my impartiality in this case. For these reasons, Plaintiff's motion for recusal (Doc. 69) is **DENIED**.

---

[4] In Plaintiff's complaint, Plaintiff inadvertently named "John Randal Hall" as a defendant in this case. (Doc. 1, at 5.) In his motion for recusal, Plaintiff indicates that he intended to name me as a defendant instead. (Doc. 69, at 3.)

10

## B. Plaintiff's Objections and Appeal of the Magistrate Judge's August 28, 2023 Order

Upon review, Plaintiff's objections and appeal of the Magistrate Judge's August 28, 2023 Order fails to establish a basis for reversal. Although Plaintiff asserts numerous "grounds of error", they do not show the Magistrate Judge's Order was clearly erroneous. (Doc. 71, at 2-3.) The Magistrate Judge applied the same legal standards for recusal outlined above and declined to recuse himself for the same reasons discussed herein. (See Doc. 70.) There is no indication the Magistrate Judge abused his discretion, made a mistake, or misapplied the applicable law. Because the Magistrate Judge's ruling was not clearly erroneous or contrary to law, the Court **OVERRULES** Plaintiff's objections (Doc. 71) and **AFFIRMS** the Magistrate Judge's August 28, 2023 Order (Doc. 70).

## C. Plaintiff's Motion for Reconsideration

Plaintiff's motion for reconsideration is equally meritless. Plaintiff presents the following arguments for why the Court should vacate the Reassignment Order: (1) the Reassignment Order "appears to be an improper usurpation of [District] Judge Marc T[.] Treadwell's presiding authority and a violation of the random case assignment procedure normally administered by the Clerk of Court"; (2) the Reassignment Order violates Chief Judge William H. Pryor's March 12, 2021 Order reassigning Plaintiff's cases to Judge

11

Treadwell; (3) I am disqualified from presiding over Plaintiff's cases because I am listed as a Defendant in two of his cases; and (4) for all other reasons Plaintiff asserts in his motion for recusal. (Doc. 65, at 1-3.) None of these arguments, however, establish a basis for relief under Rule 60(b).

As for Plaintiff's first two arguments, the Reassignment Order does not violate Judge Treadwell's or Chief Judge Pryor's authority; rather, it accords with the reasoning behind why Plaintiff's cases were reassigned to Judge Treadwell in the first place. As Chief Judge Pryor explained in his March 12, 2021 Order, I requested, on behalf of the Southern District of Georgia, that Plaintiff's cases be reassigned because, at the time, they implicated Canon 3(C)(1) of the Code of Conduct for United States Judges and Advisory Opinions 102 and 103. (Doc. 17, at 1.) Plaintiff's then-pending criminal case, United States v. Harpo-Brown, No. 1:21-cr-002 (S.D. Ga. Jan. 13, 2021), triggered Canon 3(C)(1) and Advisory Opinions 102 and 103 because the charge against Plaintiff related to statements targeting Magistrate Judge Brian K. Epps. Accordingly, Chief Judge Pryor used his authority under 28 U.S.C. § 292(b) to reassign Plaintiff's cases to Judge Treadwell during the pendency of the criminal case. (Doc. 17, at 1.) Section 292(b) provides, "The chief judge of a circuit may, in the public interest, designate and assign *temporarily* any district judge of the circuit to hold a district court in any

12

district within the circuit." 28 U.S.C. § 292(b) (emphasis added). Once Plaintiff's criminal case was resolved, reassignment of his cases to Judge Treadwell was no longer necessary; thus, reassignment of Plaintiff's cases to this Court was appropriate as this is the District in which Plaintiff originally filed suit. As for Plaintiff's final two arguments, the Court finds them unpersuasive for the same reasons it found them insufficient to justify my recusal. For these reasons, Plaintiff's motion for reconsideration (Doc. 65) is **DENIED**.

### III. CONCLUSION

Based upon the foregoing, I find no reason for disqualification. Furthermore, relief from the Reassignment Order is inappropriate in this case. Therefore, Plaintiff's motion for recusal (Doc. 69) and motion for reconsideration (Doc. 65) are **DENIED**. Moreover, Plaintiff's objections to the Magistrate Judge's August 28, 2023 Order (Doc. 71) are **OVERRULED** and the Magistrate Judge's August 28, 2023 Order (Doc. 70) is **AFFIRMED**.

**ORDER ENTERED** at Augusta, Georgia, this 30th day of October, 2023.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

13