IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

WIHLY HARPO-BROWN,

    Plaintiff,

v.

INTERMARK MANAGEMENT
CORPORATION, et al.,

    Defendants.

CIVIL ACTION NO.: 1:20-cv-176

# O R D E R

Plaintiff filed a Motion requesting various forms of relief. Doc. 4. For the reasons set forth below, I:

(1)      **DENY** Plaintiff's request for additional time to amend his Complaint;

(2)      **DENY** Plaintiff's request to transfer venue to Washington, D.C.; and

(3)      **DENY** Plaintiff's request for the Court to order an official criminal investigation.

## BACKGROUND

Plaintiff, proceeding pro se, filed a Complaint on December 4, 2020. Doc. 1. Plaintiff filed this Motion on December 7, 2020, almost immediately after filing his Complaint. Doc. 4. In the Motion, Plaintiff requests: additional time to amend his Complaint; the recusal of District Judge R. Stan Baker and Magistrate Judge Brian K. Epps;[1] a transfer of venue to the United

---

[1]    I **DENY as moot** Plaintiff's motion for the recusal of Judge Baker and Judge Epps because they are no longer assigned to this case and Judge Epps has already recused himself from the case. See Wilson v. Apex Reporting Grp., Inc., No. 18-12875-A, 2019 WL 11866784, at *1 (11th Cir. Jan. 7, 2019) (holding a motion for recusal was properly denied where "there was no matter pending before the magistrate judge from which he could be recused"); Doc. 14. Although other judges have been assigned

States District Court for the District of Columbia; and for the Court to order a criminal investigation of various courts of Georgia and the United States. Id.

Plaintiff's Motion appears to be a reaction to an Order the Court issued in another civil case Plaintiff filed: Harpo-Brown v. Craig, Civil Action No. 1:20-cv-137 (S.D. Ga. Sept. 30, 2020) ("Harpo-Brown v. Craig"). In Harpo-Brown v. Craig, the Court determined Plaintiff's complaint was an impermissible shotgun pleading and directed Plaintiff to file an amended complaint within 14 days. Id. at ECF No. 18. Plaintiff filed a motion in that case that is nearly identical to the one before the Court in this case, requesting more time to amend his Complaint, among other things. Id. at ECF No. 22. Indeed, the two motions were filed on the same date, December 7, 2020. Plaintiff clearly intended to file the two motions in the two respective cases, as he provided the correct captions and case numbers on the respective filings. Therefore, I consider Plaintiff's Motion as applicable in this case.[2]

Plaintiff's Motion has been pending for nearly three years. Plaintiff's Motion triggered a criminal investigation because it contained statements apparently threatening to malign or otherwise harm Judge Epps. See United States v. Harpo-Brown, Criminal Action No. 1:21-cr-2 (S.D. Ga. Feb. 14, 2022). The Court stayed the proceedings in this civil case for two years while

---

to Plaintiff's civil cases in the past, this case is now before Chief Judge J. Randal Hall and referred to the undersigned for pretrial matters. Furthermore, I **DENY** Plaintiff's related request to set aside and vacate all Orders in this case because it is baseless.

[2]   I denied Plaintiff's parallel motion filed in Harpo-Brown v. Craig by Order dated December 4, 2023. Order, Harpo-Brown v. Craig, Case No. 1:20-cv-137 (S.D. Ga. Dec. 4, 2023), ECF No. 47.

Plaintiff's criminal case was resolved.  See Docs. 18, 66.  The stay has been lifted, and Plaintiff's Motion is ready for ruling.

## DISCUSSION

I.  **Request for Additional Time to Amend**

Plaintiff asks for more time to amend his Complaint, but his request makes little sense. At the time Plaintiff filed his Motion, Plaintiff's Complaint had only been pending for three days.  Plaintiff states he "received a copy of judgment only 7 days" prior filing the Motion and this supports his request for more time to amend.  Doc. 4 at 1.  Presumably, Plaintiff is referring to the Order requiring Plaintiff to amend his complaint in Harpo-Brown v. Craig, which was issued approximately three weeks before Plaintiff filed the instant Motion.  Setting aside the ambiguity in Plaintiff's filings, the Court will construe the request in the instant Motion for more time as a request for modification of the deadline for submitting amended pleadings.

Courts may extend filing deadlines when a party makes a timely request and shows good cause to do so.  Fed. R. Civ. P. 6(b)(1)(A).  Thus, "[a] request for an extension, made before the expiration of the deadline, should be granted where good cause is shown."  Sensi v. Fla. Officers of Ct., 737 F. App'x 433, 436 (11th Cir. 2018) (citing Fed. R. Civ. P. 6(b)); Shepherd v. Wilson, 663 F. App'x 813, 817–18 (11th Cir. 2016).  "To establish good cause, the party seeking the extension must establish that the schedule could not be met despite the party's diligence." Ashmore v. Sec'y, Dep't of Transp., 503 F. App'x 683, 685 (11th Cir. 2013); Daker v. Dozier, No. 6:18-cv-32, 2019 WL 1421155, at *2–3 (S.D. Ga. Mar. 29, 2019) (denying plaintiff's request for an extension where plaintiff failed to show he was diligent).

Plaintiff fails to show good cause for the Court to extend Plaintiff's time to amend his Complaint.  Parties must file motions to amend within 60 days after the filing of an Answer

under the Local Rules.  Local R. 16.3.  The Court stayed this case on March 15, 2021.  Doc. 18.  Defendant Intermark Management Corporation filed an Answer on November 22, 2021.  Doc. 40.  The 60-day deadline for amendments under the Local Rules began to run until the Court lifted the stay on April 27, 2023.  Doc. 66.  Therefore, the deadlines for motions to amend expired on June 26, 2023.

Plaintiff fails to show good cause for the Court to modify the deadline for submission of an amended complaint.  Plaintiff's request was premature when he filed it.  The arguments in the Motion are not tailored to the current posture of the case, and it is not even clear if Plaintiff still seeks permission to amend.  Moreover, Plaintiff has made no effort to amend his Complaint since April 27, 2023, when the stay was lifted.[3]  Accordingly, I **DENY** Plaintiff's Motion for Additional Time to Amend.

## II.     Request for Change of Transfer

Plaintiff requests a transfer of venue to the District Court for the District of Columbia because Plaintiff is "presently transitioning" to Washington, D.C., and he "enjoys more resources" there.  Doc. 4 at 4.

The first step is to decide a motion to transfer is to determine whether the case may have been brought in the proposed forum.  28 U.S.C. §§ 1404(a), 1406(a); see also Meterlogic, Inc. v. Copier Sols., Inc., 185 F. Supp. 2d 1292, 1299 (S.D. Fla. 2002) ("The first threshold consideration when deciding the merits of a motion to transfer is whether the case may have been brought in the desired district of transfer . . . ."); Roether v. Georgia, No. 221-CV-083, 2022 WL

---

[3]     Plaintiff did file a second motion to amend his Complaint early the case.  Doc. 17.  That request was denied contemporaneously with the Order staying the case.  Doc. 18.

1477436, at *5 (S.D. Ga. May 10, 2022), appeal docketed, No. 22-13731 (11th Cir. Nov. 8, 2022).  A civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  "[T]he party requesting a transfer to an alternative forum bears the burden to show that the transfer is warranted."  Barrett v. United Ins. Co. of Am., Inc., No. 4:17-CV-215, 2018 WL 11440992, at *3 (S.D. Ga. Dec. 19, 2018) (citing In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989)).

Plaintiff fails to show this case may have been brought in the District Court for the District of Columbia.  Plaintiff fails to connect any of the Defendants or events giving rise to his claim with Washington, D.C.  Accordingly, I **DENY** Plaintiff's request to transfer venue to the District Court for the District of Columbia.

### III.    Motion for Criminal Investigation

Plaintiff demands a criminal investigation based on his allegations.  "The law is well-settled that a private citizen 'has no judicially cognizable interest' in the criminal investigation or prosecution of another."  Whigum v. Florida, No. 3:10CV442, 2010 WL 4683937, at *2 (N.D. Fla. Nov. 3, 2010), report and recommendation adopted, 2010 WL 4683940 (N.D. Fla. Nov. 10, 2010) (quoting Otero v. U. S. Att'y Gen., 832 F.2d 141, 141 (11th Cir. 1987)).  Thus, I **DENY**

Plaintiff's request for the Court to order an official criminal investigation because Plaintiff lacks standing to initiate any criminal investigation.

## CONCLUSION

For the foregoing reasons, I:

(1)   **DENY** Plaintiff's request for additional time to amend his Complaint;

(2)   **DENY** Plaintiff's request to transfer venue to Washington, D.C.; and

(3)   **DENY** Plaintiff's request for the Court to order an official criminal investigation.

**SO ORDERED**, this 4th day of December, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA