IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| WIHLY HARPO-BROWN, | |
| Plaintiff, | CIVIL ACTION NO.: 1:20-cv-176 |
| v. | |
| INTERMARK MANAGEMENT CORPORATION, et al., | |
| Defendants. | |

**O R D E R**

Plaintiff filed a Motion for relief related to the prison mailbox rule and various other Motions to strike. For the reasons explained below, I:

1. **DENY** Plaintiff's Motion for Application of The Mailbox Rule, doc. 52;

2. **DENY as moot** Plaintiff's Motion to Strike Defendant Intermark Management Corporation's ("Intermark's") Response to Plaintiff's Mailbox Rule Motion, doc. 60; and

3. **DENY as moot** Plaintiff's Motion to Strike Defendant Intermark's Response to Plaintiff's Motion for Leave to Exceed the Page Limit and Motion to Strike Defendant Intermark's Answer, doc. 61.

**I.   Motion for Application of the Mailbox Rule**

Plaintiff asks the Court to direct the Clerk of Court to docket all of Plaintiff's filings since he was incarcerated on July 29, 2021, with the date Plaintiff signed those respective filings, rather than the date the Clerk of Court received those filings, which is how they are currently

docketed.  Doc. 52.  Plaintiff argues the prison mailbox rule makes the signing date the operative date for his filings.  Id. at 2–3.

The prison mailbox rule typically results in a court deeming a pro se prisoner's legal submission filed on the date the filing is delivered to prison authorities for mailing, which courts often assume is the date the prisoner signed the filing.  Daker v. Comm'r, Ga. Dep't of Corr., 820 F. 3d 1278, 1286 (11th Cir. 2016).  But a clerk of court is not required to docket filings based on those dates.  There is no authority establishing such a requirement.  The Court will apply the prison mailbox rule where appropriate but will not direct the Clerk of Court to change the docketing dates for any filings Plaintiff has submitted or will submit in the future.

Accordingly, I **DENY** Plaintiff's Motion.  Doc. 52.  Further, I **DENY as moot** "Motion of Plaintiff to Strike the Alleged Response of Intermark Management Corporation to Plaintiff's Motion for Comprehensive Application of the Mailbox Rule."  Doc. 60.

## II. Motion to Strike Defendant Intermark's Response to Plaintiff's Motion to Exceed the Page Limit

Plaintiff moves to strike Defendant Intermark's Response to Plaintiff's Motion to Exceed the Page Limit.  Doc. 61 at 1–2.  No motion to exceed the page limit appears on the docket and no response to such a motion appears on the docket.

The discrepancy apparently arose from Plaintiff's attempt to "dual file" one motion to exceed the page limit in two cases: this case and Harpo v. Intermark Mgmt. Corp., et al., Civil Action No. 1:21-cv-87 (S.D. Ga. June 2, 2021).  Defendant Intermark filed motions to dismiss in both cases.  Plaintiff mailed a single motion to exceed the page limit with both case numbers in the caption, annotated "(Dual Filing)."  Plaintiff sought to file responses to Intermark's motion to dismiss in excess of the Court's 26-page limit.  See id. at ECF No. 88.  In the other case, the Court docketed Plaintiff's motion to exceed the page limit on July 12, 2022.  Id.  The Court

2

apparently did not docket the motion in this case. Defendant Intermark did not respond to any motion to exceed the page limit in this case. Accordingly, I **DENY as moot** Plaintiff's Motion to Strike Intermark's Response to Plaintiff's Motion to Exceed the Page Limit.

To the extent Plaintiff seeks to exceed the page limit with his response to Intermark's motion to dismiss in this case, his request is denied. Plaintiff filed a 64-page "supplemental response" to Intermark's motion to dismiss in this case. Doc. 55. Plaintiff filed his motion for leave to exceed the page limit weeks later, although he says he "originally sent" the motion to exceed the page limit on the same day he dated his 64-page "supplemental response." Mot., Harpo v. Intermark Mgmt. Corp., Civil Action No. 1:21-cv-87 (S.D. Ga. July 12, 2022), ECF No. 88. Plaintiff submitted his 64-page response without leave of Court.

Plaintiff provides no compelling reason why his response should exceed the 26-page limit. Plaintiff asserts he did not have time to revise his response before the deadline. Id. at 3. This argument is unconvincing. Plaintiff had nearly four-and-a-half months, including two extensions, to compose and file a brief in compliance with the Local Rules. See Docs. 49, 51. Plaintiff's non-compliant 64-page brief raises numerous issues about service of process and default that are irrelevant to Defendants' motion to dismiss. Defendants, in their motion to dismiss, raise a single issue. Doc. 44. The motion is four pages long, incorporating an earlier seven-page brief. Id. Defendant Intermark's motion to dismiss is now before the District Judge,

and the District Judge will determine whether to consider Plaintiff's excessively long "supplemental response."

### III.     Motion to Strike Defendant Intermark's Answer

Plaintiff moves to strike Defendant Intermark's Answer.  Doc. 61 at 4–5.  Plaintiff argues Intermark is in default and Intermark's Answer is insufficient because it "lacks factual support . . . ."  Id. at 4.

Although the Court may strike pleadings under Federal Rule of Civil Procedure 12(f) or under the inherent power of the Court, motions to strike are "a 'drastic remedy' generally disfavored by courts."  Pujals ex rel. El Rey De Los Habanos, Inc. v. Garcia, 777 F. Supp. 2d 1322, 1327 (S.D. Fla. 2011) (citing Augustus v. Bd. of Pub. Instruction of Escambia Cnty., 306 F.2d 862, 868 (5th Cir. 1962)).  Therefore, a motion to strike "should be granted only when the pleading to be stricken has no possible relation to the controversy."  Murphy v. Cengage Learning, Inc., No. 120CV03169, 2020 WL 10618719, at *1 (N.D. Ga. Nov. 23, 2020) (citing Augustus, 306 F.2d at 868).

Plaintiff argues Intermark's Answer should be stricken because Intermark is in default.  Plaintiff is incorrect.  Intermark is not in default.  Default must be entered by the Clerk of Court.  Fed. R. Civ. P. 55(a).  Default judgment must be entered by either the Clerk or the Court.  Fed. R. Civ. P. 55(b).  Neither the Clerk nor the Court has entered a party's default or default judgment, although Plaintiff has filed five motions for default.  Docs. 19, 22, 27, 31, 32.  The Court denied three of them.  Docs. 24, 30.  Two of them are pending before the District Judge.

Docs. 31, 32. Plaintiff cannot seek relief on the basis of default unless and until default is entered.

Plaintiff's remaining arguments are too generalized and conclusory to support the drastic remedy he requests. Plaintiff argues Intermark's Answer does not provide "notice of any defense" and he cannot "reasonably prepare for trial . . . ." Doc. 61 at 5. Plaintiff provides no explanation. Plaintiff does not cite any portion of Intermark's Answer. Plaintiff does not show any particular insufficient denial or defense. Accordingly, I **DENY** Plaintiff's Motion to Strike Defendant Intermark's Answer.

## CONCLUSION

For the foregoing reasons, I:

1. **DENY** Plaintiff's Motion for Application of The Mailbox Rule, doc. 52;

2. **DENY as moot** Plaintiff's Motion to Strike Defendant Intermark Management Corporation's ("Intermark's") Response to Plaintiff's Mailbox Rule Motion, doc. 60; and

3. **DENY as moot** Plaintiff's Motion to Strike Defendant Intermark's Response to Plaintiff's Motion for Leave to Exceed the Page Limit and Motion to Strike Defendant Intermark's Answer, doc. 61.

**SO ORDERED**, this 5th day of December, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA