IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| WIHLY HARPO-BROWN,<br><br>    Plaintiff,<br><br>v.<br><br>DANIEL J. CRAIG, et al.,<br><br>    Defendants. | CIVIL ACTION NO.: 1:20-cv-137 |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| WIHLY HARPO-BROWN,<br><br>    Plaintiff,<br><br>v.<br><br>INTERMARK MANAGEMENT<br>CORPORATION, et al.,<br><br>    Defendants. | CIVIL ACTION NO.: 1:20-cv-176 |

## ORDER

Plaintiff filed Objections to the Magistrate Judge's Order Lifting the Stay of the Case. Doc. 42.[1] As explained below, the Court **OVERRULES** Plaintiff's Objections.

---

[1] As indicated by the caption, this Order addresses two identical Objections Plaintiff filed in two different cases, 1:20-cv-137 and -176. All docket numbers refer to the docket in Case Number 1:20-cv-137. The Court **DIRECTS** the Clerk of Court to docket this Order in both cases to reflect this Court's ruling on the Objections in both cases. Specifically, for Case Number 1:20-cv-137, I **OVERRULE** Plaintiff's Objections at Docket Number 42. For Case Number 1:20-cv-176, I **OVERRULE** Plaintiff's Objections at Docket Number 68.

When a magistrate judge rules on a non-dispositive pretrial matter, parties may object to that ruling and seek review from the district judge under Federal Rule of Civil Procedure 72(a). Fed. R. Civ. P. 72(a). In reviewing a magistrate judge's order, a district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Id. The clearly erroneous or contrary to law standard "is exceedingly deferential." Jackson v. Deen, CV 412-139, 2013 WL 3991793, at *2 (S.D. Ga. Aug. 2, 2013) (citing Pigott v. Sanibel Dev., LLC, CV 07-0083, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008)). "A ruling is clearly erroneous where either the magistrate judge abused his discretion or the district court, after reviewing the entirety of the record, is left with a definite and firm conviction that a mistake has been made." Id. (citations omitted). "A decision by the magistrate judge is contrary to law where it either fails to follow or misapplies the applicable law." Id. (citations omitted).

Plaintiff argues the Magistrate Judge and the undersigned should be disqualified from this case. Doc. 42 at 1–2. This argument has no merit. The Court received Plaintiff's motion for recusal of the Magistrate Judge after the Magistrate Judge ordered the stay lifted. See Doc. 41 (Order lifting stay on Apr. 27, 2023), Doc. 43 (motion for recusal the Court received on June 9, 2023). The Magistrate Judge correctly denied Plaintiff's baseless motion for recusal on August 28, 2023. Doc. 44. There was no pending motion for recusal when the Magistrate Judge ordered the stay lifted, and there is no basis for his disqualification.

Plaintiff argues the Magistrate Judge and the undersigned are not properly assigned to this case. Doc. 42 at 2–6. This argument has no merit. As I explained in my Order of October 30, 2023, the reassignment of Plaintiff's cases to the undersigned from District Judge Marc T. Treadwell was appropriate. Doc. 46 at 12. Plaintiff fails to show the Magistrate Judge erred by lifting the stay imposed by Judge Treadwell after the case was reassigned. Accordingly, the Court

2

**OVERRULES** Plaintiff's Objections. The Magistrate Judge's April 27, 2023 Order lifting the stay remains the Order of this Court.

**SO ORDERED**, this 6th day of December, 2023.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3