IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

WIHLY HARPO-BROWN,                    *
                                      *
        Plaintiff,                    *
                                      *
        v.                            *          CV 120-176
                                      *
INTERMARK MANAGEMENT                  *
CORPORATION, et al.,                  *
                                      *
        Defendants.                   *

_____

O R D E R

_____

Before the Court are Defendant Naman Augusta, LLC's ("Naman")
motion to dismiss (Doc. 13); Plaintiff's motions for entry of
default (Docs. 31, 32); and Defendant Intermark Management
Corporation's ("Intermark") first motion to dismiss (Doc. 44) and
renewed motion to dismiss (Doc. 67). Because Intermark's renewed
motion to dismiss incorporates the same arguments as its first
motion, the Court will only consider Intermark's renewed motion,
and Intermark's first motion to dismiss (Doc. 44) is **DENIED AS
MOOT.** Furthermore, for the following reasons, Intermark's renewed
motion to dismiss (Doc. 67) is **GRANTED,** Naman's motion to dismiss
(Doc. 13) is **DENIED WITHOUT PREJUDICE,** and Plaintiff's motions for
default (Docs. 31, 32) are **DENIED.** Moreover, Plaintiff's claims
against all Defendants except Naman are **DISMISSED WITHOUT
PREJUDICE.**

## I. PLAINTIFF'S MOTIONS

The Court first addresses Plaintiff's motions for entry of default against Intermark. (Docs. 31, 32.) Plaintiff filed the underlying suit on December 4, 2020. (Doc. 1.) Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), a defendant must serve an answer within twenty-one days of being served with the summons and complaint. Plaintiff represents he served Intermark on December 21, 2020. (Doc. 31, at 1; Doc. 32, at 1, 3.) Therefore, Intermark was required to respond on or before January 11, 2021. However, Intermark did not file its Answer until November 22, 2021. (Doc. 40.) Because Intermark had not yet responded when Plaintiff filed his motions for entry of default, Plaintiff requests default be entered against Intermark. (Doc. 31, at 1; Doc. 32, at 2.)[1]

Under Rule 55(a), entry of default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." FED. R. CIV. P. 55(a). However, before a clerk's default can be issued, "the serving party must establish that defaulting party was properly served." FDIC for Hillcrest

---

[1] Although entitled "Motion for the Clerk's Entry of Default Exclusively Per Defendant Intermark," Plaintiff's motion requests default be entered against other individuals as well. (Doc. 32, at 2 (seeking entry of default against "I[ntermark]; William Pruitt; Jacob Hayes; Bo Storey; Mario Doe; Abbey Beasley; Sierra Lofquist; Chris Doe; and All Other Occupants").) However, these individuals are not parties to this lawsuit. Accordingly, entry of default against them is inappropriate, and Plaintiff's motion (Doc. 32) is **DENIED** as to those individuals.

Bank Fla. v. Colony Corp. Centre, LLC, No. 2:10-cv-774, 2011 WL 13294823, at *1 (M.D. Fla. Apr. 7, 2011) (citing Kelly v. Florida, 233 F. App'x 883, 885 (11th Cir. 2007)). Therefore, before directing the Clerk to enter default, the Court must first determine whether Plaintiff properly effected service of process. See Vilchez v. 3F Mgmt., LLC, No. 2:16-cv-652, 2016 WL 6395351, at *1 (M.D. Fla. Oct. 28, 2016) (citation omitted).

To properly serve a corporation, Rule 4(h) requires: delivering a copy of the summons and complaint to an officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process; and if it is a statutorily authorized agent and the statute requires it, by also mailing a copy to each defendant; or following state law in the state where the district court is located or where service is made — here, Georgia. FED. R. CIV. P. 4(h)(1). Georgia law provides corporate service be made to the president or other officer, secretary, cashier, management agent, or another agent thereof, provided that if this cannot be achieved, the Secretary of State shall be an agent for the corporation. O.C.G.A. § 9-11-4(e)(1).

The Court finds Plaintiff has not sufficiently proved he properly served Intermark. Plaintiff's proof of service represents the summons for Intermark was served on Intermark's registered agent: Incorp Services, LLC ("Incorp Services"). (Doc. 32, at 3.) However, neither the proof of service (Doc. 32, at 3)

3

nor Plaintiff's affidavit (Doc. 31-1) states who at Incorp Services was served.[2]   Moreover, although the proof of service indicates Incorp Services was served on December 21, 2020, the form was not signed until April 29, 2021.   (Doc. 32, at 3.)   Therefore, the Court finds Plaintiff failed to provide sufficient proof of service and the entry of clerk's default against Intermark is not appropriate at this time.   Accordingly, Plaintiff's motions for entry of default (Docs. 31, 32) are **DENIED**.

## II. INTERMARK'S RENEWED MOTION TO DISMISS

Next, the Court considers Intermark's renewed motion to dismiss.   (Doc. 67.)

### A. Background

On November 12, 2020, Intermark filed a complaint for dispossessory in the Magistrate Court of Richmond County, Georgia (the "First Lawsuit").   (Doc. 44, at 1.)   Plaintiff filed his answer on November 23, 2020, and the Magistrate Court granted Intermark a writ of possession for Apartment B3 at 335 Broad Street, Augusta, Georgia ("Apartment B3") on March 4, 2021.   (Id. at 2, 11.)   After numerous motions by Plaintiff, the Magistrate Court vacated all orders and granted a rehearing.   (Id. at 2.)

---

[2] Plaintiff's motions indicate the summons was served on an individual named Graham McDonald.   (Doc. 31, at 1; Doc. 32, at 1.)   But there is no indication Graham McDonald was authorized to accept service on Intermark's or Incorp Service's behalf.

After a rehearing, on June 29, 2021, judgment was entered for Intermark, awarding it possession of Apartment B3 and a money judgment. (Id. at 2-3, 13-14.) Plaintiff then filed an application for discretionary review with the Georgia Court of Appeals, which was dismissed. (Id. at 3, 15.) He then filed an appeal to the Superior Court of Richmond County, Georgia. (Id. at 3.)

Meanwhile, on December 4, 2020, Plaintiff filed the present lawsuit against numerous Defendants, including Intermark. (Doc. 1.) On February 11, 2022, Intermark filed its first motion to dismiss. (Doc. 44.) In that motion, Intermark argued Plaintiff's claims against it should be dismissed pursuant to the federal full faith and credit statute, 28 U.S.C. § 1738. (Id. at 6.) Since this lawsuit and the First Lawsuit "involve[] the same parties, the same causes of action, and a prior adjudication on the merits," Intermark contended Plaintiff's claims against it are barred by res judicata. (Id. (citations omitted).)

When Intermark filed its first motion to dismiss, the First Lawsuit was still on appeal. (Doc. 67, at 2.) But on January 24, 2023, the Superior Court of Richmond County dismissed Plaintiff's appeal of the First Lawsuit in Intermark's favor and entered a final order. (Id. at 2, 7-10.) Plaintiff did not file an appeal to the Georgia Court of Appeals, and the time to appeal elapsed 30 days after the Superior Court entered its final order. (Id. at

3); O.C.G.A. § 5-6-38(a); <u>Intermark Mgmt. v. Harpo</u>, No. 2023RCCV00069 (Superior Ct. Richmond Cnty. Jan. 24, 2023) (Doc. 3).

Intermark filed a renewed motion to dismiss on May 3, 2023, responses to which were due by May 17, 2023. (Doc. 67.) To date, Plaintiff has not responded to Intermark's renewed motion to dismiss. However, because Intermark's renewed motion incorporates the same arguments as its first motion (<u>id.</u> at 3), the Court will consider Plaintiff's arguments from his responses to Intermark's first motion to dismiss (Docs. 53, 55). To appropriately address Intermark's motion to dismiss, the Court first addresses some procedural issues it presents, and then considers the motion's merits.

**B. Procedural Issues**

The Court begins by addressing a couple procedural issues. Although Intermark's renewed motion to dismiss does not mention what rule it moves under, titling its motion as a "motion to dismiss" suggests it intended to move under Federal Rule of Civil Procedure 12(b). (Doc. 67, at 1.) Rule 12(b) provides, "[a] motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed." FED. R. CIV. P. 12(b). Both Intermark's original and renewed motions to dismiss, however, were filed after Intermark filed its Answer. (<u>See</u> Doc. 40.) "Once the answer was filed, the pleadings were closed, and a Rule 12(b)(6)

6

motion to dismiss, which did not go to the jurisdiction of the court, was inappropriate." Filo Am., Inc. v. Olhoss Trading Co., 321 F. Supp. 2d 1266, 1267 (M.D. Ala. 2004) (citation omitted). But the Court exercises its discretion to construe Intermark's motion as a Rule 12(c) motion for judgment on the pleadings. See Whitehurst v. Wal-Mart Stores E., L.P., 329 F. App'x 206, 208 (11th Cir. 2008) ("[T]he court may construe [a] Rule 12(b)(6) motion as one seeking judgment on the pleadings under Rule 12(c)." (citing Byrne v. Nezhat, 261 F.3d 1075, 1093 n.35, 1096 n.46 (11th Cir. 2001))).

The Court now considers whether Intermark's motion should be construed as a motion for judgment on the pleadings or a motion for summary judgment. Generally, when ruling on a motion for judgment on the pleadings, the Court must treat the motion as one for summary judgment under Rule 56 if the Court considers matters outside the pleadings. Fed. R. Civ. P. 12(d). But "[c]ourts may . . . take judicial notice of state court documents without converting a motion for judgment on the pleadings into a motion for summary judgment." City of Jacksonville v. Mun. Elec. Auth. of Ga., No. 1:19-CV-3234, 2019 WL 7819483, at *3 (N.D. Ga. Dec. 19, 2019 (citing King v. Akima Global Servs., LLC, 775 F. App'x 617, 621 (11th Cir. 2019); Cunningham v. Dist. Att'y's Off. for Escambia Cnty., 592 F.3d 1237, 1255 (11th Cir. 2010)). The only extrinsic documents the Court considers in ruling on Intermark's

motion are the documents filed in the First Lawsuit. (See Doc. 44, at 8-15; Doc. 67, at 7-11.)  Therefore, the Court will take judicial notice of the First Lawsuit's documents without converting Intermark's motion into a motion for summary judgment.

Plaintiff objects to the Court taking judicial notice of the state court documents because they are unauthenticated and irrelevant. (Doc. 55, at 23-27.)  These objections have no merit for two reasons.  First, the Court finds sufficient evidence of the documents' authenticity because they bear the relevant state court judge's signature and clerk's stamp.  (See Doc. 44, at 8-13; Doc. 67, at 7-11.)  Second, because Intermark's res judicata argument stems from the First Lawsuit, the documents are directly relevant.  For these reasons, the Court **OVERRULES** Plaintiff's objections.  Accordingly, the Court will construe Intermark's motion as a motion for judgment on the pleadings and not one for summary judgment.

## C. Merits of Intermark's Motion to Dismiss

The Court now addresses the merits of Intermark's motion to dismiss.  Intermark moves to dismiss Plaintiff's claims pursuant to the federal full faith and credit statute, 28 U.S.C. § 1738. (Doc. 67, at 3; Doc. 44, at 6.)  Because Plaintiff's state-court appeal was dismissed and the time for filing any further appeal

has passed, Intermark argues Plaintiff's claims against it are barred by res judicata. (Doc. 67, at 2-3.)

### 1. Legal Standards

Intermark's motion to dismiss is governed by the following legal standards.

#### a. *Motion for Judgment on the Pleadings*

"After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." Cunningham, 592 F.3d at 1255 (citation omitted). "The legal standards applicable to Federal Rule of Civil Procedure 12(c) motions for judgment on the pleadings and Rule 12(b)(6) motions to dismiss are the same." Marshall v. Safeco Ins. Co. of Ind., No. CV 112-113, 2013 WL 12155468, at 1 (S.D. Ga. Apr. 16, 2013) (citing Roma Outdoor Creations, Inc. v. City of Cumming, 558 F. Supp. 2d 1283, 1284 (N.D. Ga. 2008)). Therefore, when considering a motion for judgment on the pleadings, the Court must "accept as true all material facts alleged in the non-moving party's pleading[] and . . . view those facts in the light most favorable to the non-

moving party." <u>Perez v. Wells Fargo N.A.</u>, 774 F.3d 1329, 1335 (11th Cir. 2014) (citation omitted).

       b. *Res Judicata*

    "Under the federal full faith and credit statute, 28 U.S.C. § 1738, federal courts give preclusive effect to a state-court judgment whenever the courts of the state from which the judgment emerged would do the same." <u>Richardson v. Miller</u>, 101 F.3d 665, 668 (11th Cir. 1996) (citation omitted). Because the First Lawsuit was resolved by Georgia courts, Georgia law applies. "In Georgia, the doctrine of res judicata prevents the re-litigation of all claims which have already been adjudicated, or which could have been adjudicated, between identical parties or their privies in identical causes of action." <u>Shuman v. First Guar. Mortg. Corp.</u>, CV 419-066, 2019 WL 5198470, at *3 (quoting <u>Karan, Inc. v. Auto-Owners Ins. Co.</u>, 629 S.E.2d 260, 262 (Ga. 2006)) (internal quotation marks omitted).

> A party seeking to invoke res judicata on the basis of a prior judgment must establish three prerequisites: (1) identity of parties, (2) identity of the causes of action, and (3) adjudication on the merits by a court of competent jurisdiction in which the parties had a full and fair opportunity to litigate the relevant issues.

<u>Id.</u> (quoting <u>Akin v. PAFEC Ltd.</u>, 991 F.2d 1550, 1556 (11th Cir. 1993)).

2. <u>Discussion</u>

Res judicata bars Plaintiff's claims against Intermark because all three prerequisites — (1) identity of parties, (2) identity of the causes of action, and (3) adjudication on the merits by a court of competent jurisdiction in which the parties had a full and fair opportunity to litigate the relevant issues — are satisfied.

a. *Identity of Parties*

The first prerequisite is satisfied because the Parties are identical. The First Lawsuit was brought by Intermark against Plaintiff (Doc. 44, at 8, 11, 12), and Plaintiff brought the present lawsuit, in part, against Intermark (Doc. 1, at 1). Plaintiff argues the Parties in each lawsuit are not identical because "there is not an exact replica (or number) of parties named in each case." (Doc. 55, at 35.) However, "res judicata . . . does not require that all parties on the respective sides of litigation in both cases be identical, but only those by and against whom the defense of res judicata is invoked." <u>Rome Granite, Inc. v. Pinnacle Bank</u>, 872 S.E.2d 895, 900 (Ga. Ct. App. 2022) (quoting <u>Waggaman v. Franklin Life Ins. Co.</u>, 458 S.E.2d 826, 827-28 (Ga. 1995)). Because Intermark asserts res judicata against Plaintiff and both were parties to the First Lawsuit, the Parties are identical, and the first prerequisite is satisfied.

### b. *Identity of Causes of Action*

The second prerequisite is satisfied because the same cause of action is involved in both cases. A "cause of action" is "the entire set of facts which give rise to an enforceable claim." Lilly v. Heard, 761 S.E.2d 46, 50 (Ga. 2014) (citation and quotations omitted). In the First Lawsuit, Intermark sought to evict Plaintiff from the leased property for violating the lease agreement by not paying rent, and the Magistrate Court of Richmond County ruled in Intermark's favor. (Doc. 44, at 8, 12-13.) In the present case, Plaintiff asserts claims against Intermark stemming from his alleged rights under the same lease. (Doc. 1, at 6-7, 9.) Plaintiff does not dispute that both the present case and the state-court case arise from eviction proceedings and the Parties' rights under the lease. (See Doc. 55, at 35 ("The various cases share a fundamentally common genus in that the entire scope of litigation comprehensively originated with I[ntermark]'s . . . filing of an eviction case against Plaintiff in state court . . . .").) Therefore, because the lease agreement gives rise to the claims in both cases, the second prerequisite is satisfied.

### c. *Final Judgment*

The third prerequisite is satisfied because the First Lawsuit ended with a final judgment on the merits rendered by a court of

competent jurisdiction, and the Parties had a full and fair opportunity to litigate all relevant issues.

> i. Final Judgment on the Merits by a Court of Competent Jurisdiction

The First Lawsuit's adjudication on the merits was final and rendered by a court of competent jurisdiction. "A judgment is final when it disposes of the entire controversy, leaving nothing for the trial court to do in the case." Bhindi Bros. v. Patel, 619 S.E.2d 814, 816 (Ga. Ct. App. 2005) (citation omitted). Moreover, a judgment is "on the merits" when, "pursuant to an appropriate handling of the case, the merits were or could have been determined." Legacy Acad., Inc. v. Doles-Smith Enters., Inc., 812 S.E.2d 72, 79 (Ga. Ct. App. 2018) (citation omitted).

The Magistrate Court of Richmond County is a court of competent jurisdiction to hear the First Lawsuit. O.C.G.A. § 15-10-2(a)(6) (granting each magistrate court jurisdiction and power over dispossessory proceedings). After considering testimony and evidence presented during a June 16, 2021 hearing, the Magistrate Court of Richmond County ruled in Intermark's favor, found Wilhy Harpo to be in default on his lease, and granted Intermark a writ of possession and judgment against Wilhy Harpo for $4,435 plus court costs. (Doc. 44, at 12–13.) Plaintiff appealed, but the Superior Court of Richmond County dismissed his appeal as untimely. (Id. at 15; Doc. 67, at 7–11.) Plaintiff could have appealed the

13

Superior Court's decision within thirty days, but he failed to do so. <u>See</u> O.C.G.A. § 5-6-38(a); <u>see also</u> <u>Intermark Mgmt. v. Harpo</u>, No. 2023RCCV00069 (Superior Ct. Richmond Cnty. Jan. 24, 2023) (Doc. 3). Once the thirty-day appeal window closed on February 23, 2022, the Magistrate Court of Richmond County's order became final. Thus, there is a final judgment on the merits by a court of competent jurisdiction in the First Lawsuit.

    ii. Full and Fair Opportunity to Litigate the Relevant Issues

  The Parties also had a full and fair opportunity to litigate the issues Plaintiff asserts in the present case.

> In terms of determining whether there has been a full and fair opportunity to litigate the relevant issues "if a claim arises out of the transaction or occurrence that is the subject matter of the opposing party's claim, such claim must be asserted as a compulsory counterclaim. 'Same transaction or occurrence' has been broadly and realistically interpreted by the appellate courts to mean whether or not there exists a logical relationship between the respective claims of the parties."

<u>Shuman</u>, 2019 WL 5198470, at *3 (quoting <u>Bigley v. Mosser</u>, 509 S.E.2d 406, 406 (Ga. Ct. App. 1998)). Under this standard, a party that should have brought a claim as a compulsory counterclaim in the first lawsuit cannot bring a second lawsuit asserting that claim. <u>Id.</u>

  Here, there is a logical relationship between the Parties' claims because Intermark's claims in the First Lawsuit and

14

Plaintiff's claims here are rooted in the Parties' rights under a lease agreement. (See Doc. 44 at 8, 12–13; Doc. 1, at 7, 9.) Because Plaintiff's claims in the present case arise out of the same transaction or occurrence as Intermark's claims in the First Lawsuit, Plaintiff already had a full and fair opportunity to litigate them. Furthermore, since the First Lawsuit ended with a final judgment on the merits from a court of competent jurisdiction, and the Parties had a full and fair opportunity to litigate all relevant issues, the third prerequisite is satisfied.

Based on the foregoing, all three of Georgia's res judicata requirements are met. Because the Georgia courts would give preclusive effect to the final judgment in the First Lawsuit, this Court must do the same under the federal full faith and credit statute. See Richardson, 101 F.3d at 668; 28 U.S.C. § 1738. Therefore, Intermark's renewed motion to dismiss (Doc. 67) is **GRANTED**.


### III. NAMAN'S MOTION TO DISMISS

The Court now turns to Naman's motion to dismiss. (Doc. 13.) Naman moves to dismiss Plaintiff's claims against it under Federal Rules of Civil Procedure 12(b)(1) for failure to establish subject matter jurisdiction and 12(b)(6) for failure to state a claim due

to impermissible shotgun pleading. (Id. at 1-4.) Plaintiff failed to respond to Naman's motion.

## A. Rule 12(b)(1) Analysis

Naman argues its motion should be granted because Plaintiff's Complaint is devoid of facts that would provide the Court subject-matter jurisdiction over Plaintiff's claims against Naman. (Id. at 3-4.) The Court agrees.

Federal courts are courts of limited jurisdiction, so an action may proceed in federal court only if subject-matter jurisdiction exists. Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). "Further, the party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002) (citation omitted)). Federal Rule of Civil Procedure 12(b)(1) permits litigants to move for dismissal when the court lacks subject matter jurisdiction over the dispute. "A federal court must always dismiss a case upon determining that it lacks subject matter jurisdiction, regardless of the stage of the proceedings." Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001) (citation omitted).

Federal courts have original jurisdiction in two primary types of cases: cases between parties of diverse citizenship pursuant to 28 U.S.C. § 1332, and cases presenting a federal

question pursuant to 28 U.S.C. § 1331.  Once a district court is satisfied it has original jurisdiction over a claim, the court may exercise supplemental jurisdiction over "all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367(a).

Plaintiff asserts the Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446.  (Doc. 1, at 1–2.)  However, none of these provisions provide the Court original jurisdiction over Plaintiff's claims against Naman.

### 1. 28 U.S.C. § 1332

Plaintiff contends the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (Id. at 1.)  28 U.S.C. § 1332(a)(1) gives the Court original jurisdiction over civil cases "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States."  "Diversity jurisdiction, as a general rule, requires complete diversity — every plaintiff must be diverse from every defendant."  Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994) (citation omitted).  An individual's citizenship is equivalent to "domicile" for § 1332 purposes, "[a]nd domicile requires both residence in a state and 'an intention to remain there indefinitely.'"  Travaglio v. Am. Express Co., 735 F.3d 1266, 1269 (11th Cir. 2013) (quoting McCormick, 293 F.3d at 1258).  On the

other hand, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).

There is no diversity jurisdiction here for two reasons. First, Plaintiff failed to sufficiently allege both his and Naman's citizenships. Plaintiff alleges he is "a Georgia resident." (Doc. 1, at 2.)  Residence alone, however, is not enough to establish citizenship for § 1332 purposes. See Travaglio, 735 F.3d at 1269 (citations omitted).  An individual establishes citizenship in a state when the individual resides in that state with an intent to remain there indefinitely. Id. (citation omitted).  Because Plaintiff alleges his residency but does not allege his citizenship or his intent to remain in Georgia indefinitely, Plaintiff has not sufficiently alleged his citizenship for § 1332 purposes. Moreover, Naman is a limited liability company, and Plaintiff fails to sufficiently allege its citizenship because he does not allege the citizenships of Naman's members. See Rolling Greens, 374 F.3d at 1022 ("To sufficiently allege the citizenships of [a limited liability company], a party must list the citizenships of all the members of the limited liability company . . . .").

Second, even if Plaintiff sufficiently alleged he and Naman are Georgia citizens, § 1332 still would not apply because the Parties would not be completely diverse. Palmer, 22 F.3d at 1564

18

(citation omitted).   Therefore, Plaintiff has failed to carry his burden of proving the Court has diversity jurisdiction over his claims against Naman.   See McCormick, 293 F.3d at 1257 (citing Scoggins, 727 F.2d at 1026).

## 2. 28 U.S.C. §§ 1441 & 1446

Plaintiff also claims the Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1441 and 1446.   (Doc. 1, at 1.)   However, these statutes do not provide the Court original jurisdiction over Plaintiff's claims against Naman.   These provisions only apply when a case is removed from state court to federal court.   28 U.S.C. § 1441 (describing when a case can be removed from state to federal court); 28 U.S.C. § 1446 (describing the procedure for removing cases from state to federal court).   Plaintiff did not remove this case from a state court; rather, he initiated this action by filing his Complaint in this Court.   (Doc. 1.)   Therefore, the removal statutes do not apply.

## 3. 28 U.S.C. § 1331

Plaintiff also asserts the Court has federal-question jurisdiction over his claims.   (Doc. 1, at 2 (contending jurisdiction lies in this Court pursuant to the Fifth, Six, and Fourteenth Amendments of the U.S. Constitution).)   28 U.S.C. § 1331 gives district courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."   To decide whether a claim arises under federal law, a

court must determine "whether a federal question appears on the face of the plaintiff's well-pleaded complaint." <u>Resnick v. KrunchCash, LLC</u>, 34 F.4th 1028, 1034 (11th Cir. 2022) (quotation marks and citation omitted).

Plaintiff's claims against Naman do not present a federal question. Plaintiff's Complaint mentions Naman in (1) the caption, (2) the "Parties & Venue" section, (3) the "Counter-Claims" section, and (4) the "Relief" section. (Doc. 1, at 1, 2, 8, 9, 18, 19-20.) However, Plaintiff never mentions Naman in his recitation of the facts, nor does he elsewhere allege Naman engaged in any wrongdoing. (<u>Id.</u> at 6-16.) As a result, Plaintiff's Complaint fails to assert a federal claim against Naman.

### 4. 28 U.S.C. § 1367

Since there is no independent basis for jurisdiction over Plaintiff's claims against Naman, the only remaining avenue would be supplemental jurisdiction. However, by never alleging facts about Naman, Plaintiff fails to provide the Court a basis for determining whether the facts he alleges might provide the Court supplemental jurisdiction over his claims against Naman. While the Court may have jurisdiction over claims raised against other Defendants, Plaintiff has not shown those claims "are so related to [his claims against Naman] . . . that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Therefore, the

Court finds it lacks supplemental jurisdiction over Plaintiff's claims against Naman.

## B. Rule 12(b)(6) Analysis

Second, Naman contends Plaintiff's Complaint fails to state a claim against him because it "fails to allege any particular facts against Naman" and is an impermissible shotgun pleading. (Doc. 1, at 2.) Federal Rule of Civil Procedure 8(a) requires a pleading provide a short and plain statement of the grounds for the Court's jurisdiction, showing Plaintiff is entitled to relief, and a demand for the relief sought. The allegations in a complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual

21

enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting FED. R. CIV. P. 8(a)(2)).

Here, Plaintiff merely listed Naman as party in the caption and states Naman is liable to Plaintiff for its "wrongful intention and malicious acts alleged," but never explains what Naman's "acts" were or how and why Naman is liable. (Doc. 1, at 1, 2, 8-10, 18-20.) Any claims against Naman raised in the Complaint are based upon "conclusory, vague and immaterial facts not obviously connected" to the causes of action, an act that has been condemned by the Eleventh Circuit as not only a violation of Rule 8(a) but also an impermissible shotgun pleading. Weiland v. Palm Beach City Sheriff's Office, 792 F.3d 1313, 1321 (11th Cir. 2015). Plaintiff's Complaint therefore fails to provide a "'plain statement' possess[ing] enough heft to 'sho[w] [he] is entitled to relief'" against Naman and is subject to dismissal. Twombly, 550 U.S. at 557 (quoting FED. R. CIV. P. 8(a)(2)).

## C. Plaintiff's Opportunity to Amend

As discussed above, Plaintiff has not carried his burden of proving the Court has subject-matter jurisdiction over his claims against Naman and has failed to state a claim against Naman under

22

Rule 8(a). However, Naman's motion to dismiss cannot be granted at this time.

"[A] [*pro se*] plaintiff must be given at least one chance to amend the complaint" before the court dismisses his complaint with prejudice if "a more carefully drafted complaint" might cure the deficiencies. Silberman v. Miami Dade Transit, 927 F.3d 1123, 1132 (11th Cir. 2019) (citation omitted and second alteration in original). "A court need not grant leave to amend, however, if the plaintiff clearly indicates he does not want to amend his complaint, or if a plaintiff could not, through amendment, cure the defects in the complaint." Horn v. Est. of Camacho, 817 F. App'x 872, 874 (11th Cir. 2020) (citation omitted). If neither exception applies, "a district court must advise a *pro se* plaintiff of the deficiencies in his complaint and give him an opportunity to amend." Id. (citation omitted).

Since Plaintiff does not assert any claims for relief or factual allegations against Naman, it is impossible for the Court to determine (1) whether the statute of limitations would bar Plaintiff from bringing his claims against Naman if the Court granted Naman's motion to dismiss, or (2) whether Plaintiff's amendment could resolve his failure to provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting FED. R. CIV. P. 8(a)(2)). Because the statute of limitations "arguably may prevent

[Plaintiff] from refiling," Plaintiff's claims against Naman would be considered dismissed with prejudice if the Court granted Naman's motion. Horn, 817 F. App'x at 874-75 (citation omitted). Moreover, given Plaintiff does not mention how the facts of this case implicate Naman, the Court finds "a more carefully drafted complaint" might cure the Complaint's deficiencies as to Naman. Silberman, 927 F.3d at 1132.

Neither of the aforementioned exceptions applies here. Horn, 817 F. App'x at 874. Plaintiff previously indicated he wanted to amend his Complaint. (Docs. 4, 15.) Moreover, Plaintiff's failure to assert claims for relief or factual allegations against Naman leaves open the possibility that, through amendment, Plaintiff could cure the Complaint's defects. Accordingly, the Court will provide Plaintiff an opportunity to cure his pleading deficiency solely pertaining to his claims against Naman and **ORDERS** Plaintiff to file an amended complaint within twenty-one (21) days of the date of this Order. For this reason, Naman's motion to dismiss (Doc. 13) is **DENIED WITHOUT PREJUDICE**.

The Court notes, however, the scope of the amended complaint is limited to any claims for relief or factual allegations Plaintiff may have against Naman. Failure to submit an amended complaint that complies with Federal Rule of Civil Procedure 8(a) and resolves the problems the Court discussed herein within twenty-one days of the date of this Order may result in dismissal of this

case.  See Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1358–59 (11th Cir. 2018) (citations omitted); Coleman v. St. Lucie Cnty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing FED. R. CIV. P. 41(b); Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)).

## IV. THE REMAINING DEFENDANTS

Lastly, the Court considers whether Plaintiff's claims against Defendants Brookfield Properties, LLC; Fulton County Superior Court; Richmond County Superior Court; KCMB Investments, L.L.C.; HEIM Electric Company, LLC; John Doe Owners of Mill; Robert McBurney; John De Foor, II; Myra Dixon; Jane C. Barwick; Theodore Jackson; Antonio Johnson; Jaslovelin Lall; Linda Borsky; Cassandra Kirk; US Marshal, Southern Distr. of Ga.; Deputy US Marshal, Lieutenant Deputy Mashal Marshall; Deputy US Marshal, John Doe West; 7 Unidentified John Doe Deputy US Marshal; Clerk of Fulton County Superior Court, Cathleene "Tina" Robinson; Deputy Clerk of Court Services, Chyvaun Ferguson; Deputy Clerk of Court Services, Elfren Clark; Robert Stanley Baker; Dudley H. Bowen; John Randal Hall[3]; Brian Keith Epps; William Theodore Moore, Jr.; Thomas Woodrow Thrash, Jr.; William Simon Duffy, Jr.; William McCrary Ray, II; John Doe Federal and State Court Judges (collectively,

---

[3] In Plaintiff's complaint, Plaintiff inadvertently named "John Randal Hall" as a defendant in this case. (Doc. 1, at 5.) In his motion for recusal, Plaintiff indicates that he intended to name me as a defendant instead. (Doc. 69, at 3.)

the "Remaining Defendants") should be dismissed for failure to timely effect service of process.   Federal Rule of Civil Procedure 4(m) states:

> If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time.   But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

"Good cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service."   Lepone-Dempsey v. Carrol Cnty. Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007) (internal quotation marks omitted and alteration adopted).   However, even where a plaintiff does not demonstrate good cause, the court is still obligated to "consider whether any other circumstances warrant an extension of time based on the facts of the case."   Id. at 1282.

Plaintiff filed his Complaint on December 4, 2020.   (Doc. 1.) Thus, under Rule 4(m), Plaintiff had until March 4, 2021 to serve all Defendants.   FED. R. CIV. P. 4(m).   Although summons were issued as to many Defendants (Docs. 6, 8, 9, 10, 11), there is nothing on the docket indicating they were served.   On November 9, 2023, the Court ordered Plaintiff to show cause, in writing, within fourteen days why this case should not be dismissed for failure to effect timely service on the Remaining Defendants.   (Doc. 73, at 2.)   The

Court also warned Plaintiff failure to serve the Remaining Defendants within ninety days of filing his Complaint could result in his case being dismissed. (Id. at 1.) To date, Plaintiff has not responded to the Court's November 9, 2023 Order. Accordingly, the Court finds Plaintiff has failed to show good cause for his failure to timely serve the remaining Defendants.

Absent good cause, the Court finds no reason to grant an additional extension to serve the Remaining Defendants. The Court acknowledges Plaintiff was arrested and detained shortly after filing his Complaint, causing this case to be stayed for two years until Plaintiff's criminal case was resolved. (See Docs. 18, 66.) But this case was not stayed until March 15, 2021, eleven days after Plaintiff's March 11, 2021 deadline to serve Defendants. (Doc. 18, at 1.) Regardless, the stay was lifted on April 27, 2023, and Plaintiff still has not shown he timely served the Remaining Defendants. (Doc. 66.) Based on the foregoing, the Court finds there is no reason to grant another extension of time for Plaintiff to serve the Remaining Defendants, and Plaintiff's claims against the Remaining Defendants are hereby **DISMISSED WITHOUT PREJUDICE.**

### V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Intermark's first motion to dismiss (Doc. 44) is **DENIED AS MOOT;**

Intermark's renewed motion to dismiss, construed as a motion for judgment on the pleadings, (Doc. 67) is **GRANTED**; Naman's motion to dismiss (Doc. 13) is **DENIED WITHOUT PREJUDICE**; and Plaintiff's motions for entry of default (Docs. 31, 32) are **DENIED**. **IT IS FURTHER ORDERED** that Plaintiff's claims against the Remaining Defendants are **DISMISSED WITHOUT PREJUDICE**. As the claims against all Defendants other than Naman have been dismissed, the Clerk is **DIRECTED** to **TERMINATE** all Defendants other than Naman and any motions or deadlines pertaining to them.

Plaintiff **SHALL FILE** an amended complaint curing the deficiencies discussed herein **WITHIN TWENTY-ONE (21) DAYS** from the date of this Order.

**ORDER ENTERED** at Augusta, Georgia, this _10th_ day of January, 2024.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA