**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA AUGUSTA DIVISION**

| | | |
|---|---|---|
| WIHLY HARPO-BROWN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 120-176 |
| | * | |
| INTERMARK MANAGEMENT CORPORATION, et al., | * | |
| | * | |
| | * | |
| Defendants. | * | |

**O R D E R**

Before the Court are: (1) Plaintiff's "Motion to Compel Clerk of Richmond County Magistrate Court to Produce and Deliver Timely Requested Material Discoverable Evidence Contained Within With[h]eld State Court Records" (hereinafter "motion to compel discovery as to Clerk of Richmond County Magistrate Court") (Doc. 77); (2) Defendant Naman Augusta, LLC's ("Naman") renewed motion to dismiss (Doc. 79); (3) Plaintiff's "Motion for Provision of Discovery from Intermark Management Corporation and Motion to Compel Provision of Discovery from Intermark" (hereinafter "motion to compel discovery as to Intermark") (Doc. 80); (4) Plaintiff's "Motion for Judicial Notice of Related State Court Record, and Motion for Adoption and Judicial Notice of Related Federal Civil Action" (hereinafter "motion for judicial notice") (Doc. 81); (5) Plaintiff's "Motion to Stay and

Abey Case & Motion for Extension of Time to Comply with all Responsive Deadlines" (hereinafter "motion to stay and for extension of time") (Doc. 82); and (6) Plaintiff's "Motion to Reopen and Extend Time to Respond to Orders of the Court and any Filings of Opposing Parties Submitted Recently" (hereinafter "second motion for extension of time") (Doc. 83). For the following reasons, Plaintiff's motion to stay and for an extension of time (Doc. 82) and Plaintiff's second motion for an extension of time (Doc. 83) are **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

## I. BACKGROUND

Plaintiff filed his complaint on December 4, 2020. (Doc. 1.) On January 10, 2024, the Court dismissed all Defendants except for Naman. (Doc. 78.) The Court explained that, although Plaintiff asserted no factual allegations of wrongdoing against Naman in his original complaint, Naman's original motion to dismiss (Doc. 13) could not be granted because Plaintiff, proceeding *pro se*, must first have an opportunity to amend and cure the deficiencies in his complaint. (Doc. 78, at 22-25.) The Court thus denied Naman's original motion to dismiss without prejudice and ordered Plaintiff to file an amended complaint within twenty-one days asserting any claims or factual allegations he may have against Naman. (Id. at 24, 28.) The

Court also notified Plaintiff that failure to comply with the Court's January 10, 2024 Order could result in dismissal of the case. (Id. at 24-25.)

The deadline for Plaintiff to file his amended complaint was January 31, 2024. To date, Plaintiff has not filed an amended complaint. However, since the deadline for Plaintiff to file an amended complaint ran, he has filed four motions: (1) motion to compel discovery as to Intermark (Doc. 80); (2) motion for judicial notice (Doc. 81); (3) motion to stay and for an extension of time (Doc. 82); and (4) second motion for an extension of time (Doc. 83). On February 7, 2024, Naman filed a renewed motion to dismiss, asking the Court to dismiss Plaintiff's complaint in part because Plaintiff failed to comply with the Court's January 10, 2024 Order. (Doc. 79, at 2-3.)

## II. PLAINTIFF'S MOTIONS

On February 13, 2024, thirteen days after his amended complaint was due, Plaintiff filed a motion to stay and for extension of time. (Doc. 82.) Specifically, Plaintiff requests a sixty-day stay and extension of time to respond "to any action of the Court or [P]arties taken since [January 1, 2024]." (Id. at 1.) On February 20, 2024, Plaintiff filed a second motion for extension of time with arguments similar to those in his motion to stay and for an extension of time. (Doc. 83.) The

Court first addresses Plaintiff's requests for extension of time, and then turns to Plaintiff's request for a stay.

**A. Motions for Extension of Time**

Plaintiff moves for extension of time under Federal Rule of Civil Procedure 6. (Doc. 82, at 1; Doc. 83, at 1.) "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B).

> In determining whether a party's neglect is excusable under Federal Rule 6(b), courts consider the following factors: "(1) the danger of prejudice to the opposing party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith."

Carter v. Butts Cnty., No. 5:12-cv-209, 2015 WL 3477022, at *2 (M.D. Ga. June 2, 2015) (quoting Glover v. City of Pensacola, 372 F. App'x 952, 955 n.6 (11th Cir. 2010)); see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993).

The aforementioned factors weigh against granting Plaintiff's motions for extension of time. Plaintiff's motions only address the third factor: the reasons for the delay. (Doc. 82, at 1; Doc. 83, at 1-3); Carter, 2015 WL 3477022, at *2 (citation omitted). Plaintiff gives three reasons for his

delay: (1) he has not had access to his "legal and personal property" while confined in a Special Housing Unit at F.C.C. Coleman Low; (2) he is experiencing adverse health symptoms that are inhibiting his ability to litigate this case; and (3) he did not receive the Court's January 10, 2024 Order until February 2, 2024. (Doc. 82, at 1; Doc. 83, at 1-3.) However, these reasons are not sufficient to find the third factor weighs in Plaintiff's favor. For starters, although Plaintiff contends he has not had access to his "legal and personal property" since January 1, 2024, Plaintiff has filed four motions since that date. (See Docs. 80, 81, 82, 83.) Plaintiff's second reason is equally unavailing because he does not explain how his current health condition has prohibited him from complying with the Court's January 10, 2024 Order. Lastly, Plaintiff has been incarcerated at F.C.C. Coleman Low for much of the time this case has been pending. However, Plaintiff has not claimed, until now, that he has not been timely receiving the Court's Orders. Moreover, the Court's numerous Orders have not been returned as undeliverable. Thus, there is no indication other than Plaintiff's conclusory allegations that he has not been timely receiving the Court's Orders.

Plaintiff's failure to comply with the Court's January 10, 2024 Order and his conduct throughout this case, as discussed further below, has continued to unduly delay proceedings causing

prejudice to the other Parties and needlessly wasting the Court's time and judicial resources. Thus, the Court finds the first and second factors weigh against Plaintiff. See Carter, 2015 WL 3477022, at *2 (citation omitted). Furthermore, Plaintiff gives no convincing reason for an extension, causing the third factor to weigh against him as well. See id. Even assuming Plaintiff acted in good faith, the fourth factor is outweighed by the first three. See id. Because the aforementioned factors weigh against Plaintiff, the Court finds Plaintiff's failure to timely comply with the Court's January 10, 2024 Order was not due to excusable neglect. See FED. R. CIV. P. 6(b)(1)(B). Accordingly, Plaintiff's motions for extension of time (Docs. 82, 83) are **DENIED**.

**B. Motion to Stay**

Plaintiff also moves the Court to stay all proceedings for sixty days. (Doc. 82, at 1.) The power to stay a proceeding "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). A district court has broad discretionary authority in determining whether a stay is appropriate. CTI-Container Leasing Corp. v. Uiterwyk Corp., 685 F.2d 1284, 1288 (11th Cir. 1982); see also Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366 (11th Cir. 1997) ("[D]istrict

courts enjoy broad discretion in deciding how best to manage the cases before them." (citation omitted)). In making its determination, a court may consider the prudential advantages of a stay, "but must also examine the relative prejudice and hardship worked on each party if a stay is or is not granted." Pise v. Express Marine, Inc., No. 08-0127, 2008 WL 2163920, at *3 (S.D. Ala. May 19, 2008) (citation omitted).

Upon due consideration, the Court finds it an imprudent use of the Court's and the Parties' resources to stay this case. This case has been pending for over three years, and all Defendants have been dismissed, except Naman. (Docs. 1, 78.) Moreover, when the Court previously granted Plaintiff's request for a stay, Plaintiff repeatedly filed numerous motions anyway. (See, e.g., Docs. 18, 19, 22, 23, 24, 27, 29, 30.) Given Plaintiff's past behavior and his unwillingness to comply with the Court's Orders, which is discussed in greater detail below, a stay is inappropriate. Thus, Plaintiff's motion to stay and for an extension of time (Doc. 82) is also **DENIED** to the extent it requests the Court to stay the proceedings.

## III. FAILURE TO COMPLY WITH COURT ORDERS

The Court now turns to whether this case should be dismissed for Plaintiff's failure to follow the Court's January 10, 2024 Order. A district court may dismiss a plaintiff's

claims *sua sponte* pursuant to either Federal Rule of Civil Procedure 41(b) or the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962); Coleman v. St. Lucie Cnty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011)) (citing FED. R. CIV. P. 41(b)). Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims if he fails to prosecute them, comply with the Federal Rules of Civil Procedure, or follow a court order. FED. R. CIV. P. 41(b); Coleman, 433 F. App'x at 718. Moreover, under Local Rule 41.1:

> [T]he assigned Judge may, after notice to counsel of record, *sua sponte*, or on motion of any party, dismiss any action for want of prosecution, with or without prejudice: [for] . . . [w]illful disobedience or neglect of any order of the Court[] or . . . [a]ny other failure to prosecute a civil action with reasonable promptness.

L.R. 41.1, SDGa.

Because a dismissal with prejudice is a drastic remedy, it is inappropriate unless the Court "finds both that a clear record of delay or willful misconduct exists and that lesser sanctions are inadequate to correct such conduct." Levy v. NCL (Bahamas), Ltd., 686 F. App'x 667, 670 (11th Cir. 2017) (citing Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006)). A dismissal operates as one with prejudice if the statute of limitations would bar the plaintiff from refiling the complaint. Id. (citing Justice v. United States, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993)). Plaintiff's complaint does not assert

factual allegations against Naman, and Naman has renewed its motion to dismiss on that basis. (See Doc. 1; Doc. 78, at 16; Doc. 79, at 4.) However, the facts giving rise to Plaintiff's purported claims occurred in 2020. (Doc. 1, at 6.) Because the statute of limitations for any claims Plaintiff may have against Naman arising from the facts of this case has likely run, the Court applies the stricter standard for dismissing Plaintiff's case out of an abundance of caution. Ultimately, whether to dismiss a complaint for failure to follow a court order is within the district court's discretion. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citation omitted).

While the Court exercises its discretion to dismiss cases with caution, the Court finds dismissal of this action with prejudice appropriate. First, there is a clear record of willful misconduct here. For example, on November 9, 2023, the Court ordered Plaintiff to show cause why this case should not be dismissed for failure to perfect service on Defendants. (Doc. 73.) Plaintiff never responded to the Court's November 9, 2023 Order. Instead, three weeks after his response to the Court's November 9, 2023 Order was due, Plaintiff filed a motion to compel discovery as to Clerk of Richmond County Magistrate Court. (Doc. 77.) Moreover, on January 10, 2024, the Court dismissed Plaintiff's claims against Defendant Intermark

Management Corporation ("Intermark") and ordered Plaintiff to file an amended complaint asserting any claims he may have against Naman within twenty-one days. (Doc. 78, at 27-28.) Thus, Plaintiff had until January 31, 2024 to comply with the Court's January 10, 2024 Order. To date, Plaintiff has not filed an amended complaint. However, on February 9, 2024, Plaintiff filed a motion to compel discovery as to Intermark that appears to move the Court to order Intermark – which has already been terminated from this case – to participate in discovery. (Doc. 80.)

While litigating this case, Plaintiff has repeatedly ignored and failed to comply with the Court's Orders. Thus, the Court finds there to be a clear record of willful misconduct. See Levy, 686 F. App'x at 670 (citation omitted). Moreover, given that Plaintiff has repeatedly demonstrated an unwillingness to comply with the Court's Orders, the Court finds sanctions less severe than dismissal with prejudice would not correct Plaintiff's conduct. See id. (citation omitted). Accordingly, dismissal with prejudice is appropriate.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's "Motion to Stay and Abey Case & Motion for Extension of Time to Comply with all Responsive Deadlines" (Doc. 82) and

Plaintiff's "Motion to Reopen and Extend Time to Respond to Orders of the Court and any Filings of Opposing Parties Submitted Recently" (Doc. 83) are **DENIED** and this matter is **DISMISSED WITH PREJUDICE.** The Clerk is **DIRECTED** to **TERMINATE** all pending motions and deadlines, if any, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 29th day of February, 2024.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA